UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(West Palm Beach Division)

Case No.

MARY LEAVENWORTH,

     Plaintiff,

vs.

BOYS AND GIRLS CLUBS OF PALM
BEACH COUNTY, INC., a Florida
corporation,

     Defendant.

_____/

## **Complaint — Jury Trial Demanded**

Plaintiff, Mary Leavenworth, sues defendant, Boys and Girls Clubs of

Palm Beach County, Inc., and shows:

### **Introduction**

1.    This is an action brought by Mary Leavenworth, a then-57-year-

old white woman whom the Boys and Girls Clubs of Palm Beach County,

Inc., fired as an area director in June 2011, after she complained about the

favoritism that the president and chief operations officer showed to younger,

male and black employees, and replaced with a 49-year-old male earning

$1,500-a-year more than she did.  She sues under the discrimination and



**The Amlong Firm** • 500 Northeast Fourth Street • Fort Lauderdale, FL  33301 • 954.462.1983

retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA") and the Florida Civil Rights Act § 760.01, et seq., FLA. STAT. (2013) ("FCRA").  She seeks back pay,  compensatory damages, punitive damages, reinstatement or front pay, injunctive and declaratory relief and attorneys' fees.

**Jurisdiction, Venue and Parties**

2.      This is an action arising under, inter alia, Title VII  and the ADEA.  This court has federal-question jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. § 1331.  Because the state claims arise our of the same nucleus of operative facts as do the federal claims, this court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in the northern division of the United States District Court for the Southern District of Florida because the claims arose in Palm Beach County, Florida.

4.      Plaintiff, Mary Leavenworth, is a 60-year-old white woman who at all times material was employed by Boys and Girls Clubs of Palm Beach County, Inc. as an Area Director and Club Director.

5.      Defendant Boys and Girls Clubs of Palm Beach County, Inc. ("B&GC") is a not-for-profit Florida corporation.  B&GC was and is an "employer" as defined by §§ 760.02(7), Fla. Stat. (2013), 29 U.S.C. § 630 and 42 U.S.C. § 2000e(b).

## Satisfaction of conditions precedent

6.      Plaintiff, on or about March 30, 2012, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), alleging sex, age and race discrimination and retaliation.

7.      The EEOC on or about March 20, 2014 issued Leavenworth, on request, a Dismissal and Notice of Rights, entitling her to file a civil action on her age, race and gender claims within 90 days of its receipt.

8.      More than 180 days have elapsed since the filing of the Charge of Discrimination without the FCHR's making a finding adverse to Leavenworth or conciliating the matter.

9.      All conditions precedent to the bringing of this action have been satisfied or waived.

## The applicable statutes

10.     Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), provides in pertinent part at 42 U.S.C. § 2000e-2(a) as follows:

It shall be an unlawful employment practice for an employer —

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or]  sex …; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race [or] sex….

11.     Title VII further provides, in pertinent part, at § 2000e-3(a) that

It shall be an unlawful employment practice for an employer to discriminate against any of his employees … because he has opposed any practice made an unlawful employment practice by this title…

12.     The Age Discrimination in Employment Act ("ADEA") provides at

29 U.S.C. § 623(a), in pertinent part:

It shall be unlawful for an employer —

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; [or]

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age…

13.     The ADEA further provides, in pertinent part, at § 623(d) that

It shall be unlawful for an employer to discriminate against any of his employees … because such individual … has opposed any practice made unlawful by this section…

14.   The Florida Civil Rights Act ("FCRA") provides at § 760.10(1), as

follows:

It is an unlawful employment practice for an employer:

(a) To discharge or to fail or refuse to hire any individual, or otherwise
to discriminate against any individual with respect to compensation,
terms, conditions, or privileges of employment, because of such
individual's race, …  sex [or] age …

(b) To limit, segregate, or classify employees or applicants for
employment in any way which would deprive or tend to deprive any
individual of employment opportunities, or adversely affect any
individual's status as an employee, because of such individual's race,
…  sex [or] age ….

15.   The FCRA further provides, in pertinent part, at § 760.10(7),

that

It is an unlawful employment practice for an employer … to
discriminate against any person because that person has opposed any
practice which is an unlawful employment practice under this section
…

## General Allegations

16.   The B&GC fired Ms. Leavenworth as Delray Club Director/Area

Director, following Ms. Leavenworth's complaining again about the favoritism

that Mary O'Connor, its then-president, and Victor Rivera, the chief

operations officer, showed to younger, male and black employees.

17.   Although Ms. Leavenworth had complained about the better

treatment given to such employees on several occasions, the complaint most

proximate to her termination case in April or May when she was complaining to Mr. Rivera (Ms. Leavenworth's direct supervisor) and Tammy Anton,  the human-resources vice president, about why she and a female subordinate were being called onto the carpet for compliance problems at the Delray Beach Boys and Girls Club, which had been created by Steve Cornette, a 20-something Black man.

18.   Ms. Leavenworth had wanted to fire Mr. Cornette, but the B&GC had instead reassigned him to manage the West Palm Beach club, adding the day-to-day operational responsibilities of the Delray Beach club to Ms. Leavenworth's Area Director responsibilities.

19.   Mr. Rivera, meanwhile, had repeatedly expressed to Ms. Leavenworth his age bias towards her, telling her — beginning during her initial job interview and repeating himself at least five times throughout her nearly six years of employment — that "[a]t your age, you're coming to Florida to retire":  Ms. Leavenworth complained to Ms. Anton about Mr. Rivera's remarks.

20.   B&GC replaced Ms. Leavenworth as Area Director with Dennis K. Carpenter, a substantially younger male Area Director, whom it in turn replaced as a Club Director with Latricia Jenkins, a 49-year-old Black woman.

21.     B&GC immediately permitted Mr. Carpenter to hire a younger woman, Nicole Ackerman, to assist him — but had never permitted Ms. Leavenworth to hire assistants.

22.     B&GC paid the younger, male Ms. Carpenter $56,680, as compared to the $55,140.80 that it had paid Ms. Leavenworth.

### Count I: Sex discrimination in violation of Title VII

23.     Plaintiff incorporates the allegations of ¶¶  1-7, 9-10, 16-18 and 20-22 as if they were fully set forth in Count I.

24.     Ms. Leavenworth's sex was a substantial, motivating factor in B&GC's treatment of her.

25.     As a direct, natural and proximate result of B&GC's paying her less than it did Mr. Carpenter, shifting the under-performing Mr. Cornette's duties to her and terminating her, Ms. Leavenworth has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

26.     B&GC's treatment of Ms. Leavenworth also has caused her irreparable harm through the violation of her federal statutory rights against sex discrimination, for which there is no adequate remedy at law.

27.     B&GC's conduct towards Ms. Leavenworth was willful, wanton and in flagrant disregard of her federally protected rights against sex discrimination, so as to justify punitive damages.

28.     Ms. Leavenworth is entitled, pursuant to § 2000e-5(k), to recover a reasonable attorney's fee, litigation expenses and costs.

WHEREFORE, Plaintiff, Mary Leavenworth prays that this Court will grant judgment:

*One*, permanently enjoining defendants B&GC, its officers, agents, servants, employees and all other persons in active concert or participation with it from violating Title VII's prohibition against sex discrimination as to her, including enjoining them to reinstate her with full seniority and benefits;

*Two*, awarding judgment against B&GC for the back pay and benefits to which Ms. Leavenworth would have been entitled but for its sexually discriminatory acts;

*Three*, awarding judgment against B&GC for compensatory and punitive damages;

*Four*, awarding plaintiff her costs, including a reasonable attorney's fee, pursuant to 42 U.S.C. § 2000e-5(k); and

*Five,* granting such other and further relief as is just.

### Count II: Sex discrimination in violation of Florida Civil Rights Act

29.    Plaintiff incorporates the allegations of ¶  1-6, 8-9, 14, 16-18, 20-22 and 24-25 as if they were fully set forth in Count II.

30.    B&GC's treatment of Ms. Leavenworth also has caused her irreparable harm through the violation of her Florida statutory rights against sex discrimination, for which there is no adequate remedy at law.

31.    B&GC's conduct towards Ms. Leavenworth was willful, wanton and in flagrant disregard of her statutorily protected rights against sex discrimination, so as to justify punitive damages.

32.    Ms. Leavenworth is entitled, pursuant to § 760.11(5), to recover a reasonable attorney's fee, litigation expenses and costs.

WHEREFORE, Plaintiff, Mary Leavenworth prays that this Court will grant judgment:

*One*, permanently enjoining defendants B&GC, its officers, agents, servants, employees and all other persons in active concert or participation with it  from violating the FCRA's prohibition against sex discrimination as to her, including enjoining them to reinstate her with full seniority and benefits;

*Two*, awarding judgment against B&GC for the back pay and benefits to which Ms. Leavenworth would have been entitled but for its sexually discriminatory acts;

*Three*, awarding judgment against B&GC for compensatory and punitive damages;

*Four*, awarding plaintiff her costs, including a reasonable attorney's fee, pursuant to § 760.11(5); and

*Five,* granting such other and further relief as is just.

### Count III: Age discrimination in violation of ADEA

33.     Plaintiff incorporates the allegations of ¶¶ 1-7, 9, 12 and 16-22 as if they were fully set forth in Count III.

34.     Plaintiff's age (58 when she was fired) was a but-for cause of her treatment by B&GC.

35.     The age-discriminatory conduct of B&GC and its agents — paying her less than it did Mr. Carpenter, shifting the under-performing Mr. Cornette's duties to her and terminating her — proximately, directly, and foreseeably caused plaintiff damages, including but not limited to lost wages and benefits.

36.    B&GC's treatment of Ms. Leavenworth also has caused her irreparable harm through the violation of her federal statutory rights against age discrimination, for which there is no adequate remedy at law.

37.    B&GC's age-discriminatory behavior towards Ms. Leavenworth was wilful, entitling her to liquidated damages.

38.    Ms. Leavenworth is entitled, pursuant to 29 U.S.C. § 216(b), to recover a reasonable attorney's fee, litigation expenses and costs.

WHEREFORE, Plaintiff, Mary Leavenworth prays that this Court will grant judgment:

*One*, permanently enjoining defendants B&GC, its officers, agents, servants, employees and all other persons in active concert or participation with it  from violating the ADEA's prohibition against age discrimination as to her, including enjoining them to reinstate her with full seniority and benefits;

*Two*, awarding judgment against B&GC for the back pay and benefits to which Ms. Leavenworth would have been entitled but for its age discriminatory acts;

*Three*, awarding judgment against B&GC for liquidated damages;

*Four*, awarding plaintiff her costs, including a reasonable attorney's fee, pursuant to 29 U.S.C. § 216(b); and

*Five,* granting such other and further relief as is just.

## Count IV: Age discrimination in violation of Florida Civil Rights Act

39.    Plaintiff incorporates the allegations of ¶¶ 1-6, 8-9, 14 and 16-22 as if they were fully set forth in Count IV.

40.    B&GC's conduct, as more particularly alleged above, violated Leavenworth's Florida statutory rights against age discrimination, damaged her and is continuing to cause her irreparable harm.

41.    B&GC's conduct towards Ms. Leavenworth was willful, wanton and in flagrant disregard of her statutorily protected rights against age discrimination, so as to justify punitive damages.

42.    Ms. Leavenworth is entitled, pursuant to § 760.11(5), to recover a reasonable attorney's fee, litigation expenses and costs.

WHEREFORE, Plaintiff, Mary Leavenworth prays that this Court will grant judgment:

***One***, permanently enjoining defendants B&GC, its officers, agents, servants, employees and all other persons in active concert or participation with it  from violating the FCRA's prohibition against age discrimination as to her, including enjoining them to reinstate her with full seniority and benefits;

***Two***, awarding judgment against B&GC for the back pay and benefits to which Ms. Leavenworth would have been entitled but for its age discriminatory acts;

**Three**, awarding judgment against B&GC for compensatory and punitive damages;

**Four**, awarding plaintiff her costs, including a reasonable attorney's fee, pursuant to § 760.11(5); and

**Five,** granting such other and further relief as is just.

### Count V: Race discrimination in violation of Title VII

43.    Plaintiff incorporates the allegations of ¶¶ 1-7, 9-10, 16-18 and 20 as if they were fully set forth in Count V.

44.    Ms. Leavenworth's race was a substantial, motivating factor in causing B&GC's treatment of her.

45.    As a direct, natural and proximate result of B&GC's shifting the underperforming Mr. Cornette's duties to her and terminating her, Ms. Leavenworth has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

46.    B&GC's treatment of Ms. Leavenworth also has caused her irreparable harm through the violation of her federal statutory rights against race discrimination, for which there is no adequate remedy at law.

47.     B&GC's conduct towards Ms. Leavenworth was willful, wanton and in flagrant disregard of her federally protected rights against race discrimination, so as to justify punitive damages.

48.     Ms. Leavenworth is entitled, pursuant to § 2000e-5(k), to recover a reasonable attorney's fee, litigation expenses and costs.

WHEREFORE, Plaintiff, Mary Leavenworth prays that this Court will grant judgment:

*One*, permanently enjoining defendants B&GC, its officers, agents, servants, employees and all other persons in active concert or participation with it  from violating Title VII's prohibition against race discrimination as to her, including enjoining them to reinstate her with full seniority and benefits;

*Two*, awarding judgment against B&GC for the back pay and benefits to which Ms. Leavenworth would have been entitled but for its racially discriminatory acts;

*Three*, awarding judgment against B&GC for compensatory and punitive damages;

*Four*, awarding plaintiff her costs, including a reasonable attorney's fee, pursuant to 42 U.S.C. § 2000e-5(k); and

*Five,* granting such other and further relief as is just.

## <u>Count VI: Race Discrimination in violation of Florida Civil Rights Act</u>

49.    Plaintiff incorporates the allegations of  ¶¶  1-6, 8-9, 14, 16-18, 20 and 44-45 as if they were fully set forth in Count II.

50.    B&GC's treatment of Ms. Leavenworth also has caused her irreparable harm through the violation of her Florida statutory rights against race discrimination, for which there is no adequate remedy at law.

51.    B&GC's conduct towards Ms. Leavenworth was willful, wanton and in flagrant disregard of her statutorily protected rights against race discrimination, so as to justify punitive damages.

52.    Ms. Leavenworth is entitled, pursuant to § 760.11(5), to recover a reasonable attorney's fee, litigation expenses and costs.

WHEREFORE, Plaintiff, Mary Leavenworth prays that this Court will grant judgment:

***One***, permanently enjoining defendants B&GC, its officers, agents, servants, employees and all other persons in active concert or participation with it  from violating the FCRA's prohibition against race discrimination as to her, including enjoining them to reinstate her with full seniority and benefits;

*Two*, awarding judgment against B&GC for the back pay and benefits to which Ms. Leavenworth would have been entitled but for its racially discriminatory acts;

*Three*, awarding judgment against B&GC for compensatory and punitive damages;

*Four*, awarding plaintiff her costs, including a reasonable attorney's fee, pursuant to § 760.11(5); and

*Five,* granting such other and further relief as is just.

## Count VII: Retaliation in violation of Title VII

53.    Plaintiff incorporates the allegations of ¶¶ 1-7, 9, 11, and 16-18 as if they were fully set forth in Count VII.

54.    Ms. Leavenworth's having opposed unlawful practices, i.e., race and gender discrimination, was a but-for cause of B&GC's treatment of her.

55.    As a direct, natural and proximate result of B&GC's terminating her, Ms. Leavenworth has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

56.    B&GC's treatment of Ms. Leavenworth also has caused her irreparable harm through the violation of her federal statutory rights against retaliation, for which there is no adequate remedy at law.

57.    B&GC's conduct towards Ms. Leavenworth was willful, wanton and in flagrant disregard of her federally protected rights against retaliation, so as to justify punitive damages.

58.    Ms. Leavenworth is entitled, pursuant to § 2000e-5(k), to recover a reasonable attorney's fee, litigation expenses and costs.

WHEREFORE, Plaintiff, Mary Leavenworth prays that this Court will grant judgment:

*One*, permanently enjoining defendants B&GC, its officers, agents, servants, employees and all other persons in active concert or participation with it  from violating Title VII's prohibition against retaliation as to her, including enjoining them to reinstate her with full seniority and benefits;

*Two*, awarding judgment against B&GC for the back pay and benefits to which Ms. Leavenworth would have been entitled but for its retaliatory acts;

*Three*, awarding judgment against B&GC for compensatory and punitive damages;

**Four**, awarding plaintiff her costs, including a reasonable attorney's fee, pursuant to 42 U.S.C. § 2000e-5(k); and

**Five,** granting such other and further relief as is just.

## <u>Count VIII: Retaliation in violation of ADEA</u>

59.    Plaintiff incorporates the allegations of ¶¶ 1-7, 9, 13, and 16-19, as if they were fully set forth in Count VIII.

60.    Plaintiff's complaining about the more favorable treatment afforded to younger employees was a but-for cause of her treatment by B&GC.

61.    The retaliatory conduct of B&GC and its agents, proximately, directly, and foreseeably caused plaintiff damages, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

62.    B&GC's treatment of Ms. Leavenworth also has caused her irreparable harm through the violation of her federal statutory rights against retaliation for opposing age discrimination, for which there is no adequate remedy at law.

63.    Boys and Girls Clubs of Palm Beach County, Inc.'s retaliatory behavior towards Leavenworth was wilful, entitling her to liquidated damages.

64.    Ms. Leavenworth is entitled, pursuant to 29 U.S.C. § 216(b), to recover a reasonable attorney's fee, litigation expenses and costs.

WHEREFORE, Plaintiff, Mary Leavenworth prays that this Court will grant judgment:

***One***, permanently enjoining defendants B&GC, its officers, agents, servants, employees and all other persons in active concert or participation with it  from violating the ADEA's prohibition against retaliation as to her, including enjoining them to reinstate her with full seniority and benefits

***Two***, awarding judgment against B&GC for the back pay and benefits; to which Ms. Leavenworth would have been entitled but for its retaliatory acts;

***Three***, awarding judgment against B&GC for liquidated damages;

***Four***, awarding plaintiff her costs, including a reasonable attorney's fee, pursuant to 29 U.S.C. § 216(b); and

***Five,*** granting such other and further relief as is just.

### Count IX: Retaliation in violation of Florida Civil Rights Act

65.    Plaintiff incorporates the allegations of ¶¶ 1-6, 8-9 and 15-19, as if they were fully set forth in Count IX.

66.    B&GC's treatment of Ms. Leavenworth also has caused her irreparable harm through the violation of her Florida statutory rights against retaliation, for which there is no adequate remedy at law.

67.    B&GC's conduct towards Ms. Leavenworth was willful, wanton and in flagrant disregard of her statutorily protected rights against discrimination, so as to justify punitive damages.

68.    Ms. Leavenworth is entitled, pursuant to § 760.11(5), to recover a reasonable attorney's fee, litigation expenses and costs.

WHEREFORE, Plaintiff, Mary Leavenworth prays that this Court will grant judgment:

*One*, permanently enjoining defendants B&GC, its officers, agents, servants, employees and all other persons in active concert or participation with it  from violating the FCRA's prohibition against sex discrimination as to her, including enjoining them to reinstate her with full seniority and benefits;

*Two*, awarding judgment against B&GC for the back pay and benefits to which Ms. Leavenworth would have been entitled but for its retaliatory acts;

*Three*, awarding judgment against B&GC for compensatory and punitive damages;

*Four*, awarding plaintiff her costs, including a reasonable attorney's fee, pursuant to § 760.11(5); and

*Five,* granting such other and further relief as is just.

## <u>Demand for Jury Trial</u>

Plaintiff, Mary Leavenworth, demands trial by jury on all issues so triable.

Respectfully Submitted,

<u>/§ William R. Amlong</u>
WILLIAM R. AMLONG
Florida Bar No: 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No: 275565
KAmlong@TheAmlongFirm.com

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, FL 33301-1154
(954) 462-1983

***Attorneys for Plaintiff.***
   ***Mary Leavenworth***