UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

CASE NO. 9:14-CV-80810-JIC

MARY LEAVENWORTH,

      Plaintiff,

v.

BOYS AND GIRLS CLUBS OF
PALM BEACH COUNTY, INC., a
Florida Corporation,

      Defendant.

_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Boys and Girls Clubs of Palm Beach County, Inc. ("Club" or "Defendant"), by and through its undersigned counsel, answers Plaintiff's Complaint and states:

<u>Introduction</u>

1.     In response to paragraph 1, the Club admits that Plaintiff, Mary Leavenworth ("Leavenworth" or "Plaintiff"), is a White woman who was approximately 57 years old at the time that she was separated from employment by the Club.  The Club admits that a male employee, who had been employed by the Club for approximately 18 years, was transferred to the Delray Beach Club after Leavenworth's separation and that he earned approximately $1,500-a-year more than Leavenworth based on his years of employment with the Club.  The Club admits that Leavenworth purports to bring this action pursuant to various statutes and that she purports to seek an award of damages; however, the Club denies that Leavenworth is entitled to any relief and denies that it discriminated against Leavenworth in any manner.  The Club denies any remaining allegations set forth in paragraph 1.

*Leavenworth v. Boys & Girls Clubs of Palm Beach County, Inc.*
Case No. 9:14-cv-80810-JIC
Defendant's Answer and Affirmative Defenses

<u>Jurisdiction, Venue and Parties</u>

2.      In response to paragraph 2, the Club admits that Leavenworth purports to bring this action pursuant to federal and state laws, including Title VII and the ADEA.  The Club denies that Plaintiff is entitled to any relief and denies that the Club discriminated against Plaintiff in any manner.  The Club denies any remaining allegations set forth in paragraph 2.

3.      In response to paragraph 3, the Club admits that Leavenworth was employed by the Club in Palm Beach County, Florida and denies any remaining allegations.

4.      In response to paragraph 4, the Club admits that it employed Leavenworth as an Area Director and Club Director and denies any remaining allegations.

5.      In response to paragraph 5, the Club admits that it is a Florida not-for-profit corporation.  The remaining allegations are merely legal conclusions to which the Club is not obligated to respond.

<u>Satisfaction of Conditions Precedent</u>

6.      In response to paragraph 6, the Club admits that Leavenworth filed a charge of discrimination with the EEOC and the FCHR alleging sex, age and race discrimination and retaliation.  The Club denies any remaining allegations set forth in paragraph 6.

7.      In response to paragraph 7, the Club admits that the EEOC issued a Dismissal and Notice of Rights to Leavenworth and states that the Dismissal and Notice of Rights speaks for itself and is the best evidence of its terms.  The Club denies any remaining allegations set forth in paragraph 7.

8.      The Club admits the allegations set forth in paragraph 8.

9.      The Club denies the allegations set forth in paragraph 9.

*Leavenworth v. Boys & Girls Clubs of Palm Beach County, Inc.*
Case No. 9:14-cv-80810-JIC
Defendant's Answer and Affirmative Defenses

<u>Applicable Statutes</u>

10.     In response to paragraph 10, the Club states that Leavenworth has selectively quoted only a small portion of Title VII of the Civil Rights Act of 1964.  The Club states that Title VII speaks for itself and is the best evidence of its terms.  The Club denies any remaining allegations set forth in this paragraph.

11.     In response to paragraph 11, the Club states that Leavenworth has selectively quoted only a small portion of Title VII of the Civil Rights Act of 1964 ("Title VII").  The Club states that Title VII speaks for itself and is the best evidence of its terms.  The Club denies any remaining allegations set forth in this paragraph.

12.     In response to paragraph 12, the Club states that Leavenworth has selectively quoted only a small portion of the Age Discrimination in Employment Act ("ADEA").  The Club states that the ADEA speaks for itself and is the best evidence of its terms.  The Club denies any remaining allegations set forth in this paragraph.

13.     In response to paragraph 13, the Club states that Leavenworth has selectively quoted only a small portion of the Age Discrimination in Employment Act ("ADEA").  The Club states that the ADEA speaks for itself and is the best evidence of its terms.  The Club denies any remaining allegations set forth in this paragraph.

14.     In response to paragraph 14, the Club states that Leavenworth has selectively quoted only a small portion of the Florida Civil Rights Act ("FCRA").  The Club states that the FCRA speaks for itself and is the best evidence of its terms.  The Club denies any remaining allegations set forth in this paragraph.

15.     In response to paragraph 14, the Club states that Leavenworth has selectively quoted only a small portion of the Florida Civil Rights Act ("FCRA").  The Club states that the

*Leavenworth v. Boys & Girls Clubs of Palm Beach County, Inc.*
Case No. 9:14-cv-80810-JIC
Defendant's Answer and Affirmative Defenses

FCRA speaks for itself and is the best evidence of its terms.  The Club denies any remaining allegations set forth in this paragraph.

<u>General Allegations</u>

16.     In response to paragraph 16, the Club admits that it separated Leavenworth from employment as Delray Club Director/Area Director and denies all remaining allegations set forth in this paragraph.

17.     The Club denies the allegations set forth in paragraph 17.

18.     The Club denies the allegations set forth in paragraph 18.

19.     The Club denies the allegations set forth in paragraph 19.

20.     In response to paragraph 20, the Club admits that Carpenter was transferred to the Delray Beach Club after Leavenworth was separated and that Jenkins, a Black female, replaced Carpenter as the Wellington Club Director.  The Club denies all remaining allegations set forth in paragraph 20.

21.     In response to paragraph 21, the Club admits that Carpenter hired a new Program Monitor to replace another employee who was separated for the same reason and at the same time as Leavenworth.  The Club denies all remaining allegations set forth in paragraph 21.

22.     In response to paragraph 22, the Club admits that Carpenter was paid slightly more than Leavenworth and states that Carpenter had been employed by the Club significantly longer than Leavenworth.

<u>COUNT I:  Sex Discrimination in Violation of Title VII</u>

23.     The Club incorporates its responses to paragraph 1-7, 9-10, 16-18 and 20-22 as if fully set forth herein.

24.     The Club denies the allegations set forth in paragraph 24.

*Leavenworth v. Boys & Girls Clubs of Palm Beach County, Inc.*
Case No. 9:14-cv-80810-JIC
Defendant's Answer and Affirmative Defenses

25.     The Club denies the allegations set forth in paragraph 25.

26.     The Club denies the allegations set forth in paragraph 26.

27.     The Club denies the allegations set forth in paragraph 27.

28.     The Club denies the allegations set forth in paragraph 28.

COUNT II:  Sex Discrimination in Violation of Florida Civil Rights Act

29.     The Club incorporates its responses to paragraph 1-6, 8-9, 14, 16-18, 20-22 and

24-25 as if fully set forth herein.

30.     The Club denies the allegations set forth in paragraph 30.

31.     The Club denies the allegations set forth in paragraph 31.

32.     The Club denies the allegations set forth in paragraph 32.

COUNT III:  Age Discrimination in Violation of ADEA

33.     The Club incorporates its responses to paragraph 1-7, 9, 12, and 16-22, as if fully

set forth herein.

34.     The Club denies the allegations set forth in paragraph 34.

35.     The Club denies the allegations set forth in paragraph 35.

36.     The Club denies the allegations set forth in paragraph 36.

37.     The Club denies the allegations set forth in paragraph 37.

38.     The Club denies the allegations set forth in paragraph 38.

COUNT IV:  Age Discrimination in Violation of Florida Civil Rights Act

39.     The Club incorporates its responses to paragraph 1-6, 8-9, 14, and 16-22, as if

fully set forth herein.

40.     The Club denies the allegations set forth in paragraph 40.

41.     The Club denies the allegations set forth in paragraph 41.

*Leavenworth v. Boys & Girls Clubs of Palm Beach County, Inc.*
Case No. 9:14-cv-80810-JIC
Defendant's Answer and Affirmative Defenses

42.     The Club denies the allegations set forth in paragraph 42.

### COUNT V:  Race Discrimination in Violation of Title VII

43.     The Club incorporates its responses to paragraph 1-7, 9-10, 16-18, and 20, as if fully set forth herein.

44.     The Club denies the allegations set forth in paragraph 44.

45.     The Club denies the allegations set forth in paragraph 45.

46.     The Club denies the allegations set forth in paragraph 46.

47.     The Club denies the allegations set forth in paragraph 47.

48.     The Club denies the allegations set forth in paragraph 48.

### COUNT VI:  Race Discrimination in Violation of Florida Civil Rights Act

49.     The Club incorporates its responses to paragraph 1-6, 8-9, 14, 16-18, 20, and 40-45, as if fully set forth herein.

50.     The Club denies the allegations set forth in paragraph 50.

51.     The Club denies the allegations set forth in paragraph 51.

52.     The Club denies the allegations set forth in paragraph 52.

### COUNT VII:  Retaliation in Violation of Title VII

53.     The Club incorporates its responses to paragraph 1-7, 9, 11, and 16-18, as if fully set forth herein.

54.     The Club denies the allegations set forth in paragraph 54.

55.     The Club denies the allegations set forth in paragraph 55.

56.     The Club denies the allegations set forth in paragraph 56.

57.     The Club denies the allegations set forth in paragraph 57.

58.     The Club denies the allegations set forth in paragraph 58.

*Leavenworth v. Boys & Girls Clubs of Palm Beach County, Inc.*
Case No. 9:14-cv-80810-JIC
Defendant's Answer and Affirmative Defenses

<u>COUNT VIII:  Retaliation in Violation of ADEA</u>

59.     The Club incorporates its responses to paragraph 1-7, 9, 13, and 16-19, as if fully set forth herein.

60.     The Club denies the allegations set forth in paragraph 60.

61.     The Club denies the allegations set forth in paragraph 61.

62.     The Club denies the allegations set forth in paragraph 62.

63.     The Club denies the allegations set forth in paragraph 63.

64.     The Club denies the allegations set forth in paragraph 64.

<u>COUNT IX:  Retaliation in Violation of Florida Civil Rights Act</u>

65.     The Club incorporates its responses to paragraph 1-6, 8-9, and 15-19, as if fully set forth herein.

66.     The Club denies the allegations set forth in paragraph 66.

67.     The Club denies the allegations set forth in paragraph 67.

68.     The Club denies the allegations set forth in paragraph 68.

## **<u>AFFIRMATIVE DEFENSES</u>**

### **<u>First Affirmative Defense</u>**

69.     All actions taken by the Club with respect to Leavenworth were in good faith and in full compliance with all federal and state laws, non-discriminatory, non-retaliatory in the good faith exercise of reasonable business judgment, and based on legitimate, non-discriminatory, and non-retaliatory reasons.

### **<u>Second Affirmative Defense</u>**

70.     Leavenworth's damages, if any, resulted, in whole or in part, from her own conduct.

*Leavenworth v. Boys & Girls Clubs of Palm Beach County, Inc.*
Case No. 9:14-cv-80810-JIC
Defendant's Answer and Affirmative Defenses

### Third Affirmative Defense

71.     Leavenworth has failed to mitigate her injuries and damages, if any.

### Fourth Affirmative Defense

72.     Leavenworth's claims are barred, in whole or in part, by the doctrines of equitable estoppels, unclean hands, latches waiver, accord, satisfaction, and release.

### Fifth Affirmative Defense

73.     Leavenworth's Complaint fails to allege acts or omissions by Defendant that could in any meaningful sense be considered evidence of willful, wanton, or malicious conduct towards her that are sufficient to permit an award of punitive or exemplary damages.

### Sixth Affirmative Defense

74.     The Club is entitled to a set-off or credit with respect to any amount that might be awarded to Leavenworth in the amount of Leavenworth's actual interim earnings, benefits or other compensation or in an amount Leavenworth could have earned with reasonable effort.

### Seventh Affirmative Defense

75.     Any action taken by the Club concerning Leavenworth would have been the same regardless of Leavenworth's sex, race or age.

### Eighth Affirmative Defense

76.     Leavenworth's claims are barred to the extent that they were not filed within the applicable statutes of limitation and/or administrative filing periods.

### Ninth Affirmative Defense

77.     Leavenworth's claims are barred to the extent that Leavenworth failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional pre-requisites for the commencement of this action.

*Leavenworth v. Boys & Girls Clubs of Palm Beach County, Inc.*
Case No. 9:14-cv-80810-JIC
Defendant's Answer and Affirmative Defenses

## Tenth Affirmative Defense

78.     Leavenworth's claims are barred to the extent that they were not alleged or encompassed within the administrative charge filed by Leavenworth, or the administrative investigation thereof.

## Eleventh Affirmative Defense

79.     Leavenworth's claims must be dismissed or are barred because Leavenworth unreasonably failed to take advantage of preventive and corrective opportunities provided by the Club.

## Twelfth Affirmative Defense

80.     Leavenworth's claims must be dismissed because the Club did not aid, abet, ratify, condone, encourage or acquiesce in any alleged discriminatory conduct.

## Thirteenth Affirmative Defense

81.     The Complaint fails to state a cause of action for discrimination on the basis of age because Leavenworth has merely alleged in a conclusory manner that age was the "but for" reason for her termination, but has alleged based on the identical factual assertions that sex and race were the reasons for her termination.   While Leavenworth may plead alternative legal theories, she may not plead as a material fact that her age was the "but-for" motivation in the Club's decision to terminate her employment and, at the same time, plead the contradictory allegations of material fact that sex and race were the motivating reasons for her termination. *See Gross v. FBL Financial Service, Inc.,* 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009).

## Fourteenth Affirmative Defense

82.     Leavenworth's claims must be dismissed because the Club exercised reasonable care to prevent and correct any discriminatory, retaliatory or harassing behavior.

*Leavenworth v. Boys & Girls Clubs of Palm Beach County, Inc.*
Case No. 9:14-cv-80810-JIC
Defendant's Answer and Affirmative Defenses

/s/ Merry E. Lindberg, Esq.
Merry E. Lindberg, Esq.
Florida Bar No.: 308102
E-mail: mlindberg@fordharrison.com
Telephone:  561-345-7505
Christine D. Hanley, Esq.
Florida Bar No.: 969737
E-mail:  chanley@fordharrison.com
Telephone:  561-345-7502
FORD & HARRISON LLP
1450 Centrepark Blvd., Suite 325
West Palm Beach, FL 33401
Facsimile:  561-345-7501
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 14, 2014, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to:

William R. Amlong, Esq., Jennifer Daley, Esq., and Alison Churly-Davis, Esq., Amlong and

Amlong, P.A., 500 N.E. 4th St., 2nd Floor, Ft. Lauderdale, FL 33301.

/s/ Merry E. Lindberg, Esq.
Merry E. Lindberg, Esq.
Florida Bar No.: 308102